SUCESIÓN MARÍN, DEMANDANTE Y APELADA, v. MUNICIPIO DE ARECIBO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en pleito sobre cobro de dinero.

No. 2056.—Resuelto en mayo 27, 1920.

PAGO DE LO INDEBIDO POR ERROR DE DERECHO.—El que paga lo indebido tiene acción para pedir la devolución de lo pagado cuando el error es de hecho, pero no así cuando es de derecho.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. L. Mercader.

Abogados de la apelada: Sres. Largé & Zeno.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

La presente es una acción ejercitada por la Sucesión de Aureliano Marín y Guerrero contra el Municipio de Arecibo para obtener la devolución de cierta suma de dinero. A la demanda opuso el demandado como excepción previa la de que los hechos alegados no determinaban una causa de acción por cuanto la alegación esencial de ella se basaba en un error de derecho y esa excepción fué declarada sin lugar por resolución de 21 de diciembre de 1918. El demandado contestó entonces la demanda y celebrado el juicio la corte dictó sentencia en 31 de marzo de 1919 declarándola con lugar y condenando al demandado a pagar a la sucesión demandante la cantidad de $3,929.15 y las costas causadas en el litigio.

Contra dicha sentencia interpuso el demandado recurso de apelación para ante esta Corte Suprema, y para sostener el recurso invoca entre otros motivos el de que la corte cometió error al desestimar la excepción previa alegada.

Alega el demandante como hechos fundamentales determinantes de su acción que AurelianoMarín y Guerrero desde hace más de treinta años y hasta su muerte tenía a su cargo y mantenía un servicio de pasaje para personas, animales y vehículos, a través del Río Grande de Arecibo, entre el

barrio "Cambalache" y dicha ciudad, con un ancón de su pertenencia, cuyo servicio después de la muerte de aquél ocurrida en 27 de julio de 1907, continuó a cargo de su sucesión. Que el Municipio de Arecibo en distintas fechas y en diferentes partidas, sin derecho alguno para ello, ha cobrado y recibido en concepto de arbitrio municipal, como precio de remate del servicio expresado la suma total de $3,929.15, según relación que hace de las partidas que integran esa suma, cuyos pagos se hicieron por Aureliano Marín menos el último que lo fué por su sucesión, indebidamente, creyendo Marín y su sucesión, errónea y equivocadamente, que el Municipio de Arecibo tenía derecho al cobro de dichas partidas en el concepto indicado, y que en esa creencia errónea vivió y falleció el causante de los demandantes y han vivido éstos hasta que posteriormente, sabedores de que tales cobros y pagos no procedían, acudieron al municipio demandado en reclamación de lo pagado, habiendo sido infructuosas las gestiones practicadas a ese fin pues no se les ha restituído en todo ni en parte la suma reclamada.

La relación de las cantidades cobradas y recibidas por el Municipio de Arecibo comienza en el año económico de 1889 a 1890 y termina en 2 de septiembre del año económico de 1908 a 1909, dando un total de $3,929.15.

La demanda se ha establecido bajo la teoría del artículo 1796 del Código Civil, el cual establece que cuando se recibe alguna cantidad que no había derecho a cobrar y que por error ha sido indebidamente entregada surge la obligación de restituirla.

El error a que se refiere dicho artículo es el de hecho como ya lo hemos resuelto en los casos de *Arandes* v. *Baez*, 20 D. P. R. 388 y *American Railroad Company* v. *Wolkers*, 22 D. P. R. 283, y por tanto la cuestión a resolver a virtud de la excepción previa propuesta es la de si el error en que la sucesión demandante funda su acción es de hecho o simplemente de derecho.

Las alegaciones de la demanda muestran que Aureliano

Marín Guerrero primero y por fallecimiento de éste su sucesión, por más de treinta años tenían a su cargo un servicio de pasaje para personas, animales y vehículos a través del Río Grande de Arecibo, entre el barrio "Cambalache" y dicha ciudad, con un ancón de su pertenencia; y que el Municipio de Arecibo como precio de remate de tal servicio y en concepto de arbitrio municipal les cobró y recibió la suma total de $3,929.15 en diversas partidas, desde el año económico de 1889 a 1890 hasta el año económico de 1908 a 1909, cuyos pagos se hicieron en la creencia equivocada y errónea de que el Municipio de Arecibo tenía derecho al cobro y percibo de las cantidades recibidas.

Si como alegan los demandantes las diferentes partidas fueron cobradas y recibidas por el Municipio de Arecibo en concepto de arbitrio municipal y como precio de remate del servicio de pasaje para personas, animales y vehículos entre el barrio "Cambalache" y la ciudad de Arecibo a través del Río Grande de dicha ciudad, es forzoso admitir que el mencionado servicio fué adjudicado a Aureliano Marín Guerrero en almoneda o subasta pública, pues el remate según Escriche, y así se entiende ordinariamente, es la adjudicación que se hace de los bienes que se venden en almoneda o subasta pública al comprador de mejor puja y condición. El hecho del remate ha sido admitido por los demandantes y si éste fué nulo e ilegítimos los pagos hechos como consecuencia del mismo al Municipio de Arecibo no es esa una cuestión de hecho a resolver sino de derecho. Los demandantes tenían conocimiento del hecho que originó los pagos y el conocimiento posterior que tuvieran de que los pagos eran improcedentes por carecer el·Municipio de Arecibo de derecho al cobro no puede estimarse como error de hecho sino de derecho, el cual no puede favorecerles con arreglo a la máxima jurídica *"Ignorantia facti excusat, ignorantia juris non excusat."*

Ni encontramos en la demanda alegación alguna específica en virtud de la cual el Municipio de Arecibo pueda que- .

dar obligado en justicia y en buenos principios de equidad a devolver lo cobrado con error de derecho por parte de los demandantes, después de haberse aprovechado aquellos de las ventajas que podía ofrecerles ese servicio.

Entendemos que la Corte de Arecibo procedió con error al desestimar por resolución de 21 de diciembre de 1918 la excepción previa referida y que en su consecuencia procede la revocación de la sentencia apelada, dictándose otra por la que se absuelva de la demanda al demandado, sin especial condenación de costas.

*Revocada la sentencia apelada y desestimada la demanda sin costas.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.